829 F.2d 1126
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin J. REDDING, Plaintiff-Appellant,
v.
SECRETARY, HEALTH AND HUMAN SERVICES, Plaintiff-Appellee.
 No. 86-3958
 United States Court of Appeals, Sixth Circuit.
 September 22, 1987.
 
 Before RALPH B. GUY Jr. and BOGGS, Circuit Judges, and SUHRHEINRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Marvin Redding appeals the order of the district court affirming the Secretary's final decision denying his application for a period of disability and disability insurance benefits. Upon consideration of the parties' briefs and the record of the administrative proceedings, we find that the Secretary's decision to deny benefits is supported by substantial evidence, and accordingly, affirm the order of the district court.
 
 
 2
 Redding alleges disability due to a lingering impairment of his right knee caused by an injury in March 1977. On his first application for disability insurance benefits, Redding was awarded a closed period of disability from March 8, 1977 through December 31, 1978. On his second application in 1979, the Administrative Law Judge (ALJ) determined that Redding retained the residual functional capacity to perform sedentary work. The final decision of the Secretary denying benefits is res judicata through August 8, 1980, the date of the ALJ's hearing decision. Redding was last insured on March 31, 1984, so his present application for benefits concerns only the period from August 8, 1980 through March 31, 1984.
 
 
 3
 Redding filed his current application on February 7, 1984. After a hearing, the ALJ issued his decision denying benefits on November 29, 1984. The ALJ determined that Redding did have a severe impairment of his knee, but that it did not meet or equal the listing of impairments in Appendix 1 to Subpart P of Part 404. 20 C.F.R. Sec. 404.1520(d). The ALJ found that Redding retained the residual functional capacity to perform sedentary work, finding insufficient evidence to support Redding's alleged pulmonary impairment, heart impairment, back impairment, or impairment of his right elbow or arm. The ALJ found Redding's testimony of disabling pain only partially credible.
 
 
 4
 Redding argues that the ALJ improperly discredited his testimony of disabling pain in his right arm, since it was supported by a doctor's diagnosis of chronic sprain and strain. The ALJ did consider the July 29, 1983, consultative examination of Dr. Raymond Catoline, M.D., which opined that Redding suffered a 35% permanent partial disability due to his arm injury. However, the ALJ determined that this diagnosis was not supported by the objective medical or clinical evidence. X-rays were within normal limits and nerve conduction studies and electromyelography were negative for carpal tunnel syndrome. The ALJ noted that there was no sign of atrophy or significant weaknesses in the right arm, and that Redding was able to use the arm to brush his teeth, hold silverware, write and play the guitar, as well as being able to raise the arm to take the oath at the hearing without apparent difficulty.
 
 
 5
 After considering the medical records, we agree with the district court that the ALJ's determination that Redding retained the residual functional capacity to perform sedentary work was supported by substantial evidence. Accordingly, the order of the district court affirming the Secretary's denial of benefits is AFFIRMED.
 
 
 
 *
 Honorable Richard F. Suhrheinrich, United States District Judge for the Eastern District of Michigan, sitting by designation